Nos. 24-2643, 24-2644 (consol.)

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| BENJAMIN SCHOENTHAL, MARK WROBLEWSKI, JOSEPH VESEL, and DOUGLAS WINSTON, | ) Appeal from the United States ) District Court for the Northern ) District of Illinois, Western ) Division |
| Plaintiffs-Appellees, | ) |
| v. | ) ) |
| KWAME RAOUL, in his official capacity as Attorney General of Illinois; ROBERT BERLIN, in his official capacity as State's Attorney of DuPage County, Illinois; and KIMBERLY M. FOXX, in her official capacity as State's Attorney of Cook County, Illinois, | ) No. 3:22-cv-50326 ) ) ) ) ) ) ) The Honorable ) IAIN D. JOHNSTON, |
| Defendants-Appellants. | ) Judge Presiding. |

**DOCKETING STATEMENT**

Defendants-Appellants Kwame Raoul, in his official capacity as Attorney General of Illinois; Robert Berlin, in his official capacity as State's Attorney of DuPage County; and Kimberly M. Foxx, in her official capacity as State's Attorney of Cook County, Illinois, jointly submit this docketing statement as required by 7th Cir. R. 3(c).

A.  **District Court Jurisdiction**

Plaintiffs-Appellees filed this action in the district court under 42 U.S.C. § 1983, alleging that an Illinois statute restricting the circumstances under which individuals can lawfully carry concealed weapons on public transportation, *see* 430

ILCS 66/65(a)(8), violates the Second Amendment to the United States Constitution, and seeking declaratory and injunctive relief. Doc. 1.[1] As defendants, they named the following individuals in their official capacities: Illinois Attorney General Kwame Raoul, DeKalb County State's Attorney Rick Amato, DuPage County State's Attorney Robert Berlin, Cook County State's Attorney Kimberly M. Foxx, and Lake County State's Attorney Eric Rhinehart. *Id.* at 7-9.

The district court lacked subject-matter jurisdiction in part because plaintiffs failed to allege Article III standing as to certain aspects of their claims. *See* Doc. 65 at 5-6; Doc. 109 at 8-12. Otherwise, the district court had subject-matter jurisdiction over plaintiffs' action pursuant to 28 U.S.C. § 1331.

**B.    Appellate Jurisdiction**

On August 30, 2024, the district court entered an order dismissing the claims against Amato and Rhinehart without prejudice for lack of subject-matter jurisdiction and granting summary judgment under Fed. R. Civ. P. 56 in plaintiffs' favor on the claims against Raoul, Berlin, and Foxx, Doc. 108, thereby disposing of all claims against all parties. That same day, a separate judgment order was entered on the district court docket pursuant to Fed. R. Civ. P. 58. Doc. 109. No motion to alter or amend the judgment was filed.

On September 19, 2024, Raoul and Berlin filed a notice of appeal, Doc. 115, which was docketed as No. 24-2643. On September 20, 2024, Foxx filed a notice of

---

[1] Entries on the district court's docket are cited "Doc." and entries on this court's docket are cited "7th Cir. Doc."

appeal, Doc. 117, which was docketed as No. 24-2644. This court consolidated these appeals for purposes of briefing and disposition. 7th Cir. Doc. 2.[2]

This court has jurisdiction over this consolidated appeal pursuant to 28 U.S.C. § 1291. Both notices of appeal were timely under 28 U.S.C. § 2107(a) and Fed. R. App. P. 4(a)(1)(A) because they were filed within 30 days of the judgment's entry. That judgment was final for purposes of section 1291, even though the claims against Amato and Rhinehart were dismissed without prejudice and regardless of any technical deficiencies in the Rule 58 judgment order.

While a dismissal without prejudice usually does not qualify as an appealable final judgment, *Larkin v. Galloway*, 266 F.3d 718, 721 (7th Cir. 2001), Amato and Rhinefort were dismissed for lack of jurisdiction, *see* Doc. 108 at 49, and such a dismissal is final for purposes of appeal, *Bovee v. Broom*, 732 F.3d 743, 743-44 (7th Cir. 2013).

And although the separate judgment entered by the district court did not comply with Rule 58, *see* 7th Cir. Doc. 2, this court has long recognized that "violations of Rule 58 are not jurisdictional." *Metzl v. Leininger*, 57 F.3d 618, 619 (7th Cir. 1995). Although compliance with Rule 58 "is important because it keeps jurisdictional lines clear," a district court's failure to comply with that rule "is not fatal to [appellate] jurisdiction if the district court has otherwise indicated its intent

---

[2] In that order, the court also stated that the judgment order did not comply with Fed. R. Civ. P. 58 and directed the parties to file "a brief memorandum stating why these appeals should not be remanded to the district court to enter a proper judgment" by October 4, 2024. 7th Cir. Doc. 2. That separate memorandum is forthcoming.

to finally dispose of all claims." *Wis. Cent. Ltd. v. TiEnergy, LLC*, 894 F.3d 851, 854 (7th Cir. 2018). Here, the district court indicated its intent to finally dispose of all claims by stating that it had "decided" the case, Doc. 109, and the court's opinion — which sets forth the declaratory relief the court intended to grant, Doc. 108 at 49-50 — makes clear that the court did, in fact, declare the rights of the parties. *See GNB Battery Technologies v. Gould, Inc.*, 65 F.3d 615, 621 (7th Cir. 1995) (concluding that a court's decision was final because, when "the laconic Rule 58 judgment is read with the accompanying opinion of the district court, it is clear that the court declared the rights of the parties"). This court thus has appellate jurisdiction under 28 U.S.C. § 1291.

**C.    Additional Items Required by 7th Cir. R. 3(c)**

There are no prior or related appellate proceedings in this case, and no parties or claims remain for disposition in the district court. All appellants named in their official capacities as public officeholders remain in those offices. This case does not involve any criminal convictions or any collateral attack on a criminal conviction, and we are not aware of any plaintiff having been assessed any strikes under 28 U.S.C. § 1915(g).

                                                          Respectfully submitted,

| | |
|---|---|
| KIMBERLY M. FOXX<br>State's Attorney of<br>Cook County | KWAME RAOUL<br>Attorney General<br>State of Illinois |

/s/ Jessica M. Scheller
JESSICA M. SCHELLER
Assistant State's Attorney
50 West Washington, 5th Floor
Chicago, Illinois 60602
(312) 603-6934
jessica.scheller@cookcountysao.org

Attorneys for Defendant Foxx

September 26, 2024

/s/ Alex Hemmer
ALEX HEMMER
Deputy Solicitor General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-5526 (office)
(773) 590-7932 (cell)
alex.hemmer@ilag.gov

Attorneys for Defendants Raoul and Berlin

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on September 26, 2024, I electronically filed this docketing statement with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system.

All participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ Alex Hemmer
ALEX HEMMER